William BROWN, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6581.

United States Court of Appeals Tenth Circuit.

Jan. 28, 1961.

Committees of the respective Houses while the revision of Title 18 of U.S.C. came out of the Judiciary Committees.

Howard Washburn and Roy Cook, Kansas City, Kan., for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant has been permitted to appeal in forma pauperis from the judgment of the United States District Court for the District of Kansas discharging a writ of habeas corpus and remanding him to the custody of the respondent, Warden.

A chronological statement of facts necessary to consider the questions presented is as follows:

1. Appellant, on December 27, 1934, was sentenced to a term of 25 years for armed robbery of a postal employee.

2. On November 16, 1945, he was released on parole.

3. On February 13, 1952, while still on parole, appellant was sentenced to the Missouri State Penitentiary.

4. A parole violator's warrant was issued and on October 6, 1952, said warrant was lodged as a detainer with the Warden of the Missouri State Penitentiary.

5. This warrant was never executed but was withdrawn by the United States Board of Parole on March 30, 1953.

6. Appellant was released from Missouri State custody on June 11, 1953, and soon after June 30, 1953, he was reinstated on parole.

7. In December, 1958, appellant was arrested by state officials at Butler, Missouri, and was charged with armed robbery.

8. On December 12, 1958, the United States Board of Parole issued a violator's warrant based upon the circumstances of appellant's arrest at Butler, Missouri.

9. This latter violator's warrant was executed by the United States Marshal for the Western District of Missouri on May 26, 1959.

10. Appellant commenced serving his violator term on May 28, 1959, and is presently held in custody at the United States Penitentiary, Leavenworth, Kansas.

11. The full term of appellant's original sentence did not expire until December 26, 1959, seven months after his arrest as a parole violator.

12. After hearing before a member of the United States Board of Parole, appellant, on October 14, 1959, was notified that his parole had been revoked.

Appellant's contention that, in revoking his parole by issuance of the parole violator's warrant on March 6, 1952, the Board proceeded contrary to law, need not be considered because that warrant was withdrawn by order of the Board on June 30, 1953, and he was reinstated to his full status as a conditional parolee. So also, his contention that the United States lost jurisdiction by withdrawing the parole violator's warrant of March 6, 1952, and refusing to accept him as a parole violator from Missouri, on termination of his Missouri sentence, is without merit. Whether a parole is revoked for a violation of its terms rests in the sound discretion of the Board.[1] It may overlook the violation and give the offender another chance to make good by continuing him on parole. That is what the Board did by withdrawing the first parole violator's warrant and continuing appellant on parole. Had appellant observed the conditions of his parole when he was reinstated to parole upon his completion of his Missouri sentence, he would be finished with the sentence he is now serving. Instead, during the primary term of his original twenty-five year sentence, and while serving that sentence on parole outside the prison walls, he

1. 18 U.S.C.A. § 4207.

again violated the law and the Board lawfully revoked his parole which had been reinstated, and correctly required him to serve the balance of the term remaining when he was released from confinement on that sentence.

Neither is appellant's contention that he should receive credit on the sentence for the period of time commencing with the withdrawal of the detainer lodged with the Missouri Warden, and continuing until the second violator's warrant was issued, sound. As pointed out, he was serving this time on parole when his parole was reinstated upon his release from the Missouri Penitentiary, and when he committed the second violation, the time served on the parole was lawfully forfeited. The case of United States v. Greenhaus, 2 Cir., 89 F.2d 634, upon which petitioner relies, was decided upon facts bearing no resemblance to the facts of this case.

Affirmed.