**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William J. McCARTHY, Defendant-Appellant.**

No. 15929.

United States Court of Appeals
Seventh Circuit.

Jan. 10, 1968.

Rehearing Denied Feb. 5, 1968.

Barnabas F. Sears, Maurice J. Mc-Carthy, Chicago, Ill., Wayland B. Cedarquist, Chicago, Ill., for defendant-appellant. Boodell, Sears, Sugrue & Crowley, Chicago, Ill., of counsel.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee. Robert A. Galbraith, Asst. U. S. Atty., of counsel.

Before MAJOR, Senior Circuit Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

William J. McCarthy, defendant, has appealed from a judgment of the district court, convicting him, on his plea of guilty, of a violation of § 7201 of the Internal Revenue Code (26 U.S.C. § 7201), as charged in an indictment, upon which he was given a prison sentence of one year and ordered to pay a fine of $2500 and costs.

The first question raised here is whether the plea of guilty was accepted in accordance with rule 11 of the Federal Rules of Criminal Procedure,[1] and the second is whether the court abused its discretion in entering judgment after it allegedly knew or should have known that defendant did not understand the nature of the charge. Lastly an issue is raised as to whether the court denied defendant his rights under the fifth and sixth amendments to the constitution, by entering judgment without any basis for a determination that the defendant understood the nature of the charge.

The grand jury, in count II, charged that defendant willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by him for the calendar year 1960, by filing and causing to be filed a false and fraudulent income tax return stating his taxable income was $16,804.59 and the tax due was $4,193.56, whereas, as he then and there well knew, they were $29,738.85 and $9,337.26, respectively, in violation of said § 7201.

On April 14, 1966, government attorney Galbraith and attorney Sokol, representing defendant, together with defendant, appeared in court and a plea of not guilty was entered. The cause was then set for trial on June 13, 1966.[2]

When the case was called for trial on July 15, 1966, there were present defendant's counsel Sokol and government attorney Hughes, as well as defendant. The following proceedings then occurred:

Mr. Sokol: * * * If the Court please, I have advised Mr. McCarthy of the consequences of a plea. At this time, in his behalf I would like to withdraw the plea of not guilty heretofore entered to Count 2, and enter a plea of guilty to Count 2. There are three Counts.

The Court: Is that satisfactory to the government?

Mr. Hughes: Satisfactory to the government, your Honor. The government will move to dismiss Counts 1 and 3.

The Court: There will be a disposition in regard to the other Count?

Mr. Sokol: He has just moved to dismiss Counts 1 and 3.

The Court: Not until the plea is accepted and there is a judgment thereon.

Mr. Hughes: Correct.

1. 18 U.S.C.A. Rule 11, which provides:
    A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

2. A succession of postponements was thereafter ordered including a setting for trial on July 15, 1966.

The Court: This is tax evasion, five and ten?

Mr. Hughes: Yes, your Honor, a maximum penalty of five years and $10,000.

The Court: Mr. McCarthy, your lawyer tells me that you want to enter a plea of guilty to this second Count of this indictment; is that true?

Defendant: Yes, your Honor.

The Court: You understand on your plea of guilty to the second Count of this indictment, you are waiving your right to a jury trial?

Defendant: Yes, your Honor.

The Court: You understand on your plea of guilty you may be incarcerated for a term not to exceed five years?

Defendant: Yes, your Honor.

The Court: You understand you may be fined in an amount not in excess of $10,000?

Defendant: Yes, your Honor.

The Court: Knowing all that, you still persist in your plea of guilty?

Defendant: Yes, your Honor.

The Court: The record will show that this defendant, after being advised of the consequences of his plea to Count 2 of this indictment, persists in his plea. The plea will be accepted. There will be a finding of guilty in the manner and form as charged in Count 2 of this indictment, judgment on that finding.

Now, in regard to Counts 1 and 3?

Mr. Hughes: Your Honor, the government will move to dismiss them. I would also request the Court to ask whether or not any promises or threats have been made.

Mr. Sokol: No, no promises or threats.

The Court: I am going to ask the defendant himself. Have any promises been made to you for entering a plea of guilty?

Defendant: No, your Honor.

The Court: Has anybody threatened you that if you didn't enter a plea of guilty something would happen to you?

\*　\*　\*　\*　\*　\*

Defendant: That's right, of my own volition, your Honor.

The Court: All right. Enter a pretrial investigation order and continue the matter until the 14th day of September. Same bond may stand.

On September 14, 1966, the case was called for disposition and the court asked defendant personally if he had "anything to say prior to the time that sentence is imposed?" He asked a similar question of defense counsel. The court heard their answers. Sentence was then imposed. The court also stayed execution for sixteen days.

■ 1. Defendant's counsel urge that, because of three changes made in rule 11, Federal Rules of Criminal Procedure, *effective July 1, 1966,* the conviction of defendant on his plea of guilty herein should be reversed. First, they say that a judge is now *required* to address the defendant *personally.* Secondly, they say a judge is now required to "determine from his personal interrogation of defendant that he understands the consequences of the plea", and thirdly the court must determine that there is a factual basis for the plea. However, it is clear the district judge in this case had these recent changes in mind, as the contents of his remarks and questions to defendant indicated.

Counsel for appellant urge that defendant did not understand the nature of the charge against him. They base this upon defendant's own statement to the district judge when he was asked if he had anything to say prior to the imposing of sentence. The record shows that defendant then said:

"I am very unhappy, your Honor, that this happened and I am sure that if it were not for my health and the things that I have gone through that it never would have happened and it is not deliberate and I am very sorry."

They also rely on the fact that the probation officer informed the court that "defendant had become a member of Alcoholics Anonymous at approximately the time the guilty plea was entered"

and that the court was also informed that defendant "is 66 years of age, who had been hospitalized at one time for alcoholism".

However, a complete answer to this contention is that the offense involved here refers to the filing of defendant's income tax return for the year 1960, which occurred on March 19, 1961, or about five years before sentencing which did not occur until 1966. On this appeal the critical date as to defendant's physical and mental being was July 15, 1966 when his plea of guilty was entered— not some five and a half years before sentencing.

Under these facts, we hold that the district court satisfied the requirements of rule 11 in effect on and after July 1, 1966, in accepting defendant's plea of guilty. Cf. United States v. Rizzo, 7 Cir., 362 F.2d 97, 99 (1966); and United States v. Lowe, 7 Cir., 367 F.2d 44, 45 (1966). While these cases involved sentencing before July 1, 1966, we find their reasoning in substantial accord with the result we now reach in this case.

2. Next, defendant's counsel contend that the charges made against defendant were complicated and may well have been confused by defendant with lesser included offenses within § 7201, inasmuch as count II of the indictment charged violation of § 7201 of the Internal Revenue Code, by the filing of a "false and fraudulent income tax return". Defendant's counsel insist that such an allegation is undoubtedly quite common, since such an allegation would also form the basis for a violation of § 7207, which would amount to a misdemeanor. Further, they say, the existence of a tax deficiency "without more would amount to a misdemeanor, if it had been lodged under § 7203. * * *"

They cite Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) as indicating that the distinguishing characteristic of § 7201 is a willful attempt to evade or defeat taxes. Counsel then argue that the only statement appearing in the record concerning defendant's understanding the charge is

that the defendant said "it is not deliberate". His counsel now argue that the legal force of such a statement is not clear and yet the court made no attempt to clarify the statement by further questioning of defendant.

The government in reply points out that the plea of guilty was to count II, which charged a violation of § 7201, and that a plea of guilty to a lesser included offense may not be accepted without consent of the government. United States v. McCue, 160 F.Supp. 595, 602 (D.C. Conn.1958). The government argues, in essence, and we agree with it, that under this record, a plea of guilty forecloses applicability of a lesser included offense. Certainly there is no confusion evident upon the record before us. Defendant was represented by able counsel when his plea was entered. He was not then entitled to plead to a lesser included offense. He did not plead to such an offense. The point seems to have arisen as an appellate proceeding afterthought.

3. Finally, defendant urges that the trial judge erred by ignoring the information presented at the sentencing hearing and thereby failed adequately to establish the full factual basis for the plea of guilty. In addition to rule 11, defendant argues that a second procedural safeguard had been set up to supplement the constitutionally guaranteed rights of defendant in criminal prosecutions. See 18 U.S.C.A. rule 32(a) (1) amended effective July 1, 1966, which reads:

(1) *Imposition of Sentence.* Sentence shall be imposed with unreasonable delay. * * * Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

Counsel in their brief assert that the thrust of the amendment to rule 32(a) (1) is the same as in the case of the amendment to rule 11. They say that the duties of the judge are indicated

more clearly and that the amendment imposes an additional requirement that the judge address the defendant personally. Counsel for defendant admit that while the required hearing was held under the provisions of this rule, the information elicited "was ignored". We do not agree with the latter conclusion of counsel. The district judge observed the letter and spirit of the applicable provisions of the rules and gave proper weight to the substantial testimony presented and the facts otherwise shown to the court, as indicated herein.

The Notes of the Advisory Committee[3] include the following:

"The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or *by examining the presentence report*, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." (Emphasis supplied.)

It appears by the words of defendant's trial counsel in this case that he was quite aware of the fact that there had been a very thorough presentence investigation made. He stated to the district court:

"I talked to the probation officer and we have been given an opportunity to submit a good deal of material to him and I am satisfied that the Court has had an opportunity to examine it. I doubt very much that with his history —and he has heard a good deal from me with respect to some of these mistakes—I don't know truly what I could add except to indicate that he is completely contrite."

Nevertheless defendant's counsel argue in their brief in this court:

"The conclusion is inescapable that the trial judge either failed to make a determination that a factual basis existed for a plea of guilty, or that he was in error in reaching an affirmative determination on that issue without additional facts to support his conclusion."

This attack upon the action of the district judge we cannot sustain, in view of the facts that he ordered a presentence investigation, which was admittedly thorough and extensive, and that there are circumstances apparent in this record indicating that the court read the presentence report and satisfied itself by that examination of the existence of a factual basis for the plea. For instance, in a colloquy with defense counsel, in connection with the imposition of sentence, when counsel argued that defendant "never took one single step to delude the investigating officer", the court remarked:

\*　　\*　　\*　　\*　　\*　　\*

"Yes, but his books were in such shape that it made it very difficult to —and that, in my opinion, was not inadvertent."

\*　　\*　　\*　　\*　　\*　　\*

"I say that his books were in such shape in regard to this income that it made it very difficult to ascertain exactly what was owing. In my opinion the *manner in which the books were kept was not inadvertent*." (Emphasis supplied.)

The court was of a similar opinion in another instance, a transaction involving a Blue Cross check. The court then expressed his views on the bookkeeping methods of defendant, information about which he could have obtained only from the presentence report, particularly about that check.[4]

We make the general observation that defendant was represented by retained competent counsel, who was not confused and did not misunderstand the indict-

---

3. Fed.Rules Cr.Proc., rule 11, 18 U.S. C.A., 4th paragraph of Notes.

4. We note also that the government charges that defendant did not ask to examine his preinvestigation report nor did he make it a part of the record on this appeal.

ment charge and the consequences of the plea of guilty. See United States v. Hetherington, 7 Cir., 279 F.2d 792 (1960), cert. denied 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224, where, at 795, we said, significantly: "The record shows that the defendant was represented by able counsel", and at 796, we said:

"* * * there is no merit to the contention that the defendant was coerced or did not know the consequences of his plea of guilty."

So it is in the case at bar.

For these reasons, the judgment from which this appeal was taken is affirmed.

Judgment affirmed.