**Elmer S. EDWARDS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19552.

United States Court of Appeals, Sixth Circuit.

Feb. 12, 1970.

Rehearing Denied April 15, 1970.

Elmer S. Edwards in pro. per.

George I. Cline, U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before EDWARDS, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

PER CURIAM.

Elmer S. Edwards, petitioner-appellant, appeals from an order of the United States District Court for the Eastern District of Kentucky at Covington, denying his motion under Section 2255, Title 28, U.S.C. to vacate his sentence. Edwards is confined in the United States Penitentiary at Atlanta, Georgia, serving a twenty year sentence upon his plea of guilty to a charge of bank robbery.

At the time of the sentence of which he now complains he was on parole from a 1960 eighteen year sentence for a similar charge of bank robbery. There were twelve unserved years remaining on that sentence. He received his present sentence of 20 years on September 26, 1967, " * * * to be served concurrent with any sentence now being served."

This is the third successive motion to vacate the sentence in question that appellant has filed. In denying the motion the district judge said that the first one was decided on the merits and that the two subsequent ones, including the one now before us raised the same question, namely, that his guilty plea of 1967 was not voluntary, partly because of a failure to comply with Rule 11 of the F.R. of Cr.P. He cited that part of Section 2255 which provides,

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The appellant claims that the district judge did not grant a hearing on his prior applications and that there were factual issues presented in them which were not adjudicated and could not have been adjudicated without a hearing. We do not have those applications before us so we can not determine whether the orders denying them, which are before us, were responsive to the issues presented. For this reason we will discuss the questions argued by the appellant in his brief.

When the appellant arrived in the penitentiary he learned that under a ruling of the United States Parole Board

his twenty year sentence coud not be served concurrently with his twelve years for parole violation. For this reason the appellant claims that the twenty year sentence was illegal and void. There is no merit to this contention. The sentence per se is a perfectly valid sentence.

■ The attorney for the Bureau of Prisons advised the appellant as follows:

"At the time the court imposed the federal term of 20 years, you were on parole from the prior 18 year term for bank robbery imposed by the same court. A judge's order that a violator term be served concurrently with any sentence now being served can only be taken as a recommendation of the court. The running of a violator sentence is totally within the discretion of the U. S. Board of Parole. 18 U.S. C. 4207."

As Judge Swinford said in his order of January 18, 1968:

"Any disagreement between the petitioner and prison officials concerning the computation of the amount of time to be served is a matter which addresses to the Attorney General, not to this court. Haynes v. Harris, 344 F.2d 463 [8 Cir.] Peretz v. Humphery, 86 F.Supp. 706, [D.C.Pa.]"

Other contentions of the appellant that he was coerced into pleading guilty and that the district judge did not comply with Rule 11 [1] of the F.R. of Cr.P. are also without merit. We have read fifty-two pages of the proceedings conducted by Judge Mac Swinford at the arraignment and subsequent sentencing of the appellant and his co-defendant. A more careful and conscientious effort to see that defendants knew and understood the nature and consequences of a plea of guilty we have never read.

■ Judge Swinford addressed Edwards personally and repeatedly asked him if he wanted to plead guilty. He read the indictment to him a second time and asked him if he understood the charge and if he had done the things stated in the indictment. He asked him if he understood that on a plea of guilty he could be sentenced to the penitentiary for twenty-five years. Edwards affirmatively answered to all of these questions. Judge Swinford did not specifically use the word "voluntary", but he asked questions which established the fact that it was a voluntary plea. The transcript of the proceedings at the time of the trial shows conclusively that the sentencing judge complied with Rule 11.

■ In support of his claim that he was coerced into pleading guilty the appellant says that he was promised a twenty year sentence to run concurrently with the remainder of his eighteen year sentence for parole violation. The extensive and careful questioning of Judge Swinford and the procedure conducted by him at the time of the sentencing would belie any prearranged plan or agreement for disposition of the case. However, if there was any such promise it was fulfilled. The sentence was twenty years to be served concurrently with any sentence now being served. The judge had no responsibility for the Parole Board's interpretation of a parole violation sentence.

After the meticulous questioning of Judge Swinford at the time of the sentencing to be sure that the plea was fairly and understandingly entered, and the appellant's answers thereto, he can not now be heard to say that he was coerced into pleading guilty.

Judgment affirmed.

---

1. "The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."