UNITED STATES of America,
Plaintiff-Appellee,

v.

Al BERLIN, Defendant-Appellant.

No. 18209.

United States Court of Appeals,
Seventh Circuit.

Jan. 21, 1971.

John Powers Crowley, Chicago, Ill., for defendant-appellant.

William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Howard M. Hoffman, Asst. U. S. Attys., of counsel, for appellee.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

HASTINGS, Senior Circuit Judge.

The basic question before us on this appeal is whether defendant Al Berlin's plea of guilty was accepted by the trial court in full compliance with the standards set forth in McCarthy v. United

States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

On March 21, 1969, defendants Joseph Jed Goldman, Al Berlin and Charles W. Shattuck were charged together in an eleven count indictment returned by a grand jury in the federal district court.[1] They were charged in the first ten counts with using the mails to defraud in violation of Title 18, U.S.C.A. § 1341 and in the eleventh count with conspiracy to commit mail fraud in violation of Title 18, U.S.C.A. § 371.

Each of the three defendants was represented in the trial court by separate counsel appointed by the court. Each defendant entered a not guilty plea.

On October 6, 1969, defendant Goldman withdrew his plea of not guilty and entered a plea of guilty. On October 27, 1969, defendant Berlin withdrew his plea of not guilty and entered a plea of guilty.

On December 2, 1969, defendant Shattuck, having proceeded to trial, was found not guilty by a jury verdict.

On December 16, 1969, defendants Goldman and Berlin were each sentenced to a term of three years in the custody of the Attorney General on their respective judgments of conviction entered upon their guilty pleas. Execution of the sentences was stayed for 30 days. Each filed a notice of appeal on December 24, 1969.

On January 12, 1970, defendants Goldman and Berlin each filed a motion to vacate sentence and withdraw his guilty plea. The motions were denied.

On August 31, 1970, defendant Goldman by his attorney, filed his separate voluntary written motion to dismiss his appeal. This dismissal was granted on September 8, 1970, leaving only defendant Berlin remaining in this appeal.

On November 5, 1970, the date fixed for oral argument, defendant Berlin appeared by counsel and waived oral argument. The case was then ordered submitted on the record and briefs without oral argument.

We have examined the record of the proceedings had in open court on October 27, 1969 when defendant Berlin, with counsel present, advised the court he desired to withdraw his plea of not guilty and enter a plea of guilty to the offenses charged in the eleven counts of the indictment. The record shows that upon receipt of this information from defendant's counsel *the trial court addressed defendant in person* and advised him (1) of his right to trial by a jury or by the court; (2) of the presumption of his innocence; (3) of the government's burden of establishing his guilt beyond a reasonable doubt by competent evidence; (4) of his right to cross-examine government witnesses and to present witnesses on his own behalf; and (5) of the possible penalties to which his guilty plea could subject him. Defendant openly stated to the trial court his understanding of each of the foregoing explanations.

Defendant stated to the court in answer to its inquiries of him that no one had made any promises, threats or predictions to him concerning what his sentence might be should he enter a guilty plea.

The trial court personally addressed defendant further in open court asking him to "tell me a little bit about this operation" as charged in the indictment. In response, defendant openly admitted that he had induced certain purchasers of advertising to make advance payments for advertising to be later published in a periodical known as *The Family Accountant,* knowing at that time such periodical would never be produced and that such advertisers would receive nothing of value for their payments. The trial court then personally related such statements by defendant to the allegations in various counts of the indictments, all of which defendant in person acknowledged to be correct, hav-

---

[1]. The United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Hubert L. Will, Judge presiding.

ing a copy of the indictment before him at the time.

The trial court again personally addressed defendant and reviewed the substance of defendant's understanding of his rights with respect to trial, the possible maximum penalties, the absence of promises or threats and the nature of the frauds charged in the indictment. On such personal understanding by defendant expressed in his answers to the court's questions, the trial court accepted defendant's plea of guilty to each of the eleven counts. A presentence investigation was ordered.

On December 16, 1969, defendant Berlin was present in open court with his counsel for sentencing on his plea of guilty to the eleven count indictment. The trial court personally invited both defendant and his counsel to say anything they would like as to why the maximum sentence should not be imposed. Defendant's counsel responded with this beginning statement: "I first would like to make clear to the Court that anything that is said does not reflect an intention to withdraw or compromise the plea of guilty that was entered earlier, but merely to explain it and Mr. Berlin's participation in it." Then followed an extended colloquy between counsel and the trial court concerning matters thought by counsel to be in mitigation of punishment.

During this colloquy between counsel and the court, the trial court interjected the following comment:

"I don't want to go through all the evidence, but if he is telling himself, as I said, he had bad luck in business and therefore he is guilty of mail fraud, I would rather he withdraw the plea and we will try the case because in his own self interest that kind of self deception in the long run will cause him more trouble. I would prefer not to take a plea from a man who is rationalizing his position as just being bad luck which causes him to be guilty of a violation of the law. Not this case. Not this case."

Following this defendant's counsel requested and was granted leave to continue to speak in mitigation of punishment. No response was made by counsel to the court's suggestion, nor was it subsequently referred to by defendant prior to sentence.

When counsel concluded, defendant Berlin spoke at length in mitigation and engaged in an extended colloquy with the trial court. The effect of the entire presentation by defendant on December 16, 1969 was not to deny his guilt but to minimize his participation in the fraud in the obvious hope of gaining leniency. The sentence of three years[2] was imposed and probation was denied. It was not until January 12, 1970, about four weeks after sentencing, that defendant filed his motion to vacate and withdraw his plea.

Defendant's basic contention is that the court erred in accepting his guilty plea because it failed to comply with Rule 11, Federal Rules of Criminal Procedure, Title 18, U.S.C.A.[3] and the standards prescribed in McCarthy v. United States, *supra*. More precisely, he argues that the trial court failed to advise him of his privilege against self-

---

2. At the time of imposition of the sentence, the trial court reminded defendant that the maximum penalty could have been a sentence of 55 years and a fine of $20,000.

3. "Rule 11. Pleas
   A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
   As amended Feb. 28, 1966, eff. July 1, 1966."

incrimination and further that he accepted the plea without a factual basis. We do not agree.

■ Defendant Berlin's guilty plea was accepted by the trial court on October 27, 1969. Coming as it did after April 2, 1969, the date of the decision in McCarthy v. United States, *supra,* the standards raised by that decision construing Rule 11, *supra,* are fully applicable to this defendant. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).[4]

In *McCarthy,* the Court stated that its purpose was to make clear the procedure to be followed under Rule 11 before a federal district court may accept a guilty plea and the remedy for a failure to follow that procedure. *Id.,* 394 U.S. at 462, 89 S.Ct. 1166, 22 L.Ed.2d 418. It further said that its decision was based solely upon its construction of Rule 11 and not upon any constitutional grounds. *Id.* at 464, 89 S.Ct. 1166.

Rule 11 was held to require the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea. *Id.* at 464, 89 S.Ct. 1166. Further, that the procedure embodied in Rule 11 " * * * is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary * * * [and] is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *Id.* at 465, 89 S.Ct. 1166, 1170. Rule 11, as amended in 1966, *supra,* expressly mandates the district court to *first address the defendant personally* before making such determination. By personally interrogating the defendant, the Court

pointed out that the trial judge will be better able to further both purposes of the rule. *Id.* at 466, 89 S.Ct. 1166.

The Court then summarized its rationale in issuing the foregoing directives to the district court, as follows:

"These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

" * * * The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct

---

4. A recent well considered post *McCarthy* arraignment date case is United States v. Hedgecoe, 4 Cir., 420 F.2d 458 (1970). For typical cases considering *McCarthy* in relation to pleas entered prior to April 2, 1969, see United States v. Zezoff, 7 Cir., 428 F.2d 580, 588 (1970) ; United States v. Tucker, 4 Cir., 425 F.2d 624, 627–628 (1970) ; Meyer v. United States, 8 Cir., 424 F.2d 1181, 1189–1190 (1970) ; Jones v. United States, 9 Cir., 423 F.2d 252, 255 (1970) ; Edwards v. United States, 6 Cir., 422 F.2d 856–858 (1970). *Cf.* Petraborg v. United States, 7 Cir., 432 F.2d 1194, 1196–1197 (1970).

does not actually fall within the charge.'" *Id.* at 466–467, 89 S.Ct. at 1171, footnotes omitted.

■ If it is finally determined that Rule 11 has not been complied with, the Court holds, following the Ninth Circuit in Heiden v. United States, 353 F.2d 53 (1965), "that when the district court does not comply fully with Rule 11 the defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew." *Id.* 394 U.S. at 468, 89 S.Ct. at 1172.

We have carefully examined the entire transcript of the record of the hearings on October 27, 1969, when defendant's guilty plea was accepted, and on December 16, 1969, when sentence was imposed. There can be no doubt that Judge Will carefully complied with all of the requirements of Rule 11 and the standards raised in *McCarthy*.

It is quite apparent that defendant Berlin was intelligent, articulate and verbose. The judge heard him out, almost *ad nauseam*, and repeatedly explained the defendant's rights to him. By his persistent questioning of defendant, the trial judge was able to determine that defendant fully understood the nature of the charges against him and was completely aware of the consequences of his plea. The judge made the constitutionally required determination that defendant's plea was truly voluntary. He made a complete record at the time the plea was entered, further amplified before sentence was imposed, of the factors relevant to his determination.

Finally, Judge Will went to great lengths in his personal interrogation of defendant to determine that the conduct defendant admitted constituted the offense charged in the indictment to which defendant had pleaded guilty. The judge was more than satisfied that there was a factual basis for the plea.[5]

In passing, we note that defendant Berlin was represented by counsel appointed by the district court pursuant to the Criminal Justice Act of 1964, Title 18, U.S.C.A. § 3006A. This representation continued through the time of imposition of sentence on December 16, 1969. Thereafter, defendant was represented by privately employed counsel beginning with the filing of his notice of appeal on December 24, 1969. This was followed by the filing of the motion to vacate his sentence and to withdraw his plea of guilty on January 12, 1970.

Although invited by Judge Will to consider the withdrawal of his plea of guilty on December 16, 1969, at the expanded hearing when sentence was imposed, defendant waited almost four weeks to file his Rule 32(d) motion.[6]

■ While courts are usually quick to grant such motions before sentence is imposed, it is quite clear here that the trial judge properly denied defendant's motion. There was no showing of coercion or intimidation or unkept promises made to induce the plea of guilty. Rule 11 was fully complied with and there was no showing of "manifest injustice" required by Rule 32(d). United States v. Kent, 7 Cir., 397 F.2d 446, 452 (1968). See, Woodward v. United

---

5. Judge Will, of course, was fully aware of the holding in *McCarthy*, which arose from the reversal of United States v. McCarthy, 7 Cir., 387 F.2d 838 (1968), following an appeal from a judgment rendered in the District Court for the Northern District of Illinois.

6. Rule 32(d), Federal Rules of Criminal Procedure, 18 U.S.C.A. provides: "(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

States, 3 Cir., 426 F.2d 959, 964 (1970); Meyer v. United States, 8 Cir., 424 F.2d 1181, 1190 (1970).

Although the application of Rule 32(d) received scant attention by the parties on this appeal, in light of the foregoing we could readily conclude that the district court did not abuse its discretion in denying the motion to withdraw the plea of guilty.[7]

■ As earlier set out, one of defendant's charges is that the trial court erred in failing to advise him of his privilege against self-incrimination. Although our reading of the entire record leads us to a contrary view, under the situation before us, defendant waived this right. It has been held many times that a defendant who enters a valid plea of guilty "simultaneously waives several constitutional rights, *including his privilege against compulsory self-incrimination,* his right to trial by jury, and his right to confront his accusors." (Emphasis added.) *McCarthy, supra,* 394 U.S. at 466, 89 S.Ct. at 1171. See Seybold v. Cady, 7 Cir., 431 F.2d 683, 684 (1970).

We have been moved to extend this opinion at some length, rather than make a summary disposition of this appeal, since it represents one of the few situations reported to date where a plea of guilty was accepted after April 2, 1969 and thus brings into full play the application of McCarthy v. United States, *supra.* In our judgment, it further provides an example of the proper procedure as commanded by Rule 11, *supra,* under the standards of *McCarthy.*

The judgment of the district court is affirmed.

Affirmed.

---

7. The Rule 32(d) motion was filed and ruled on in the district court after the notice of appeal from the judgment of conviction was filed. Without holding or conceding that this question is properly before us on this appeal, we shall let the foregoing observations stand.