Jesse **MORDEN**, Petitioner,

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 19134-3.**

United States District Court,
W. D. Missouri, W. D.
March 19, 1971.

Jesse Morden, pro se.

No appearance required of respondent.

**ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DENYING PETITION FOR HABEAS CORPUS**

WILLIAM H. BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, has submitted in this

Court a "Motion for relief from Detention in Violation of Constitutional Rights and the Federal Statutes," which is not on forms supplied by this Court under Local Rule 22. The "motion" has been provisionally filed by the Clerk, as is proper, under the Court en banc order of December 3, 1968. Petitioner also requests leave to proceed in forma pauperis. To save time and unproductive effort, leave will be granted to proceed in forma pauperis even though the petition is not on forms supplied by the Court.

Petitioner states the following as grounds for his contention that he is being held in violation of his federal rights:

"This petitioner had been released from a nine (9) year sentence on C.R. [conditional release]. He spent all of the time but a few months, about 3 years and 5 months, or there abouts on the streets. On June 1966 he was sentenced to a new 10 year term. The Board of Paroles upon return to the institution informed this petitioner that he must complete the new sentence less the good time done on the old, then start the old sentence after the new one is complete.

"This amounts to Cruel and Unusual Punishment in violation of the Constitutional outlook and provisions. Even if we look at this action in a light most favorable to enforcement, we must consider, this is not the usual method of action in cases of this nature. The Judge made no reference to the fact that he intended this petitioner to be treated other than any other prisoner. Still being unskilled in the art of law I must seek throught (sic) this Court to right a wrong suffered."

▮▮▮ Petitioner does not thereby state any claim in habeas corpus against his custodian, the director of the Medical Center. It is proper to challenge the conditions of one's confinement by means of a petition for habeas corpus. In re Baptista (W.D.Mo.) 206 F.Supp. 288. But the care, control, discipline, treatment and custody of federal prisoners is committed to the exclusive discretion of the Attorney General or his authorized delegate under the provisions of Section 4042, Title 18, United States Code. Only in cases of exceptional circumstances or involving the violation of a federal right will the federal court review the exercise of that discretion. Austin v. Harris (W.D.Mo.) 226 F.Supp. 304. Petitioner, in complaining that he is being forced to forfeit the time which he spent on parole and to serve the time, does not state the denial of any federal right. Under the provisions of Section 4207, Title 18, United States Code, a conditional releasee remains subject to service of all or part of the remainder of his original sentence when his parole is revoked. Under the provisions of Section 4205 of the same title, the "time the prisoner was on parole shall not diminish the time he was sentenced to serve" if and when the parole is revoked. See Peacock v. Hughes (C.A.5) 427 F.2d 359, 360; Canavari v. Richardson (C.A. 9) 419 F.2d 1287; Brown v. Taylor (C. A.10) 287 F.2d 334, cert. denied 366 U. S. 970, 81 S.Ct. 1933, 6 L.Ed.2d 1259. It is equally well settled that the sentence from which the parole violator was paroled may be required to be served consecutively to a sentence imposed for a crime committed in the meantime. Gibson v. Looney (C.A.10) 258 F.2d 879; Section 4207, Title 18, U.S.C.; Edwards v. United States (C.A.6) 422 F.2d 856.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, denied.