**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**John William SHERMAN, Petitioner-**
**Appellant.**

**No. 71–2120.**

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1973.

---

Hufstedler, Circuit Judge, dissented and filed opinion.

John William Sherman, in pro. per.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., for respondent-appellee.

Before DUNIWAY, HUFSTEDLER and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge:

On September 3, 1969 Sherman pled guilty to a charge of violating the Dyer Act, 18 U.S.C. § 2312. Later he moved to vacate his conviction under 28 U.S.C.

§ 2255, alleging that the record of the proceedings at the taking of his plea did not show that he was advised of his right against compulsory self-incrimination. This, he says, is contrary to the decision in Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Rule 11, F.R.Crim.P. as interpreted in McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. The district court denied the motion, and Sherman appealed.

On March 2, 1972 we filed an opinion reversing the denial of Sherman's motion. On the government's petition for rehearing, we vacated that opinion. Having now concluded that Sherman's guilty plea was properly taken, we affirm the order of the district court.

■ The record does not show that Sherman was advised, *eo nomine*, of his right against compulsory self-incrimination. However, no decision of the Supreme Court imposes such a requirement. In *McCarthy*, the Court held only that district courts must adhere strictly to the provisions of Rule 11, and that failure to do so requires that the defendant be afforded an opportunity to replead. 394 U.S. at 466, 472, 89 S.Ct. 1166. Neither the Rule nor the opinion state that the trial judge must specifically inform the defendant of his Fifth Amendment rights. In *Boykin*, the appellant had been convicted on a guilty plea in a proceeding of which there was no record. The Court held that such a plea violates due process because a guilty plea waives several constitutional rights, and prior cases had required that the waiver of similar rights be spread upon the record. It therefore seemed anomalous to allow a guilty plea to be taken with no formal inquiry as to its voluntariness. The Court's precise holding was "that there was reversible error 'because the record does not disclose that the defendant voluntarily and under-

standingly entered his pleas of guilty.'" 395 U.S. at 244, 89 S.Ct. at 1713.

■ In short, neither *McCarthy* nor *Boykin* requires that a defendant be specifically advised of all of his constitutional rights by the trial court if his plea is to be valid. Nor do we think that due process or Rule 11 impose such a requirement. A criminal defendant possesses a great number of rights which he is foreclosed from asserting by the entry of a guilty plea, *see* United States v. Frontero, 5 Cir., 1971, 452 F. 2d 406, 415. Requiring a specific waiver of every one would only sow the seeds for later collateral attack. *See* Boykin v. Alabama, *supra*, 395 U.S. at 244, 89 S.Ct. 1709.

■ The three rights emphasized by the Supreme Court in the cited cases —the right against self-incrimination, the right to a jury trial, and the right to confront witnesses—do provide guidance for district courts in determining whether a guilty plea is knowingly and intelligently entered. Among other things,[1] the court must ascertain that the defendant knows that he is not required to plead guilty, and that if he chooses not to do so the government will be put to its proof before a jury, at which time he may cross-examine witnesses and put on a defense. While this inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form. *See* McCarthy v. United States, *supra*, 394 U.S. 465–466 n. 20, 89 S.Ct. 1166; United States v. Tabory, 4 Cir., 1972, 462 F.2d 352, 353; United States v. Frontero, *supra*, 452 F.2d at 413–414; United States v. Berlin, 7 Cir., 1971, 437 F.2d 901.

■ A plea of guilty is the most complete form of self-incrimination. By the plea, the defendant admits that he is guilty of the offense charged. Indeed, Rule 11 requires that the court be "satisfied that there is a factual basis for

---

1. Of course, the court must adhere to the requirements of Rule 11. Whether these requirements are essential to due process is by no means clear. *See* Note, The Supreme Court—1968 Term, 83 Harv.L. Rev. 60, 183–87 (1969).

the plea." It is therefore essential that the defendant know that he has a right not to plead guilty, and that the record show that he knows it. Here, the record makes it perfectly clear that Sherman knew that he had that right. We see no need to go farther and attach to such knowledge the talismanic phrase "right not to incriminate himself." He certainly knew that he had a right not to plead guilty, and that by pleading guilty he was incriminating himself.

 The district court had previously entered a plea of not guilty on Sherman's behalf, and he petitioned to withdraw that plea after extensive consultations with his counsel, with whom he was "entirely" satisfied. In his written and signed petition, Sherman recited:

"(5) I understand that I may plead 'Not Guilty' to any offense charged against me. If I choose to plead 'Not Guilty' the Constitution guarantees me (a) the right to a speedy and public trial by jury, (b) the right to see and hear all witnesses called to testify against me, (c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor, and (d) the right to have the assistance of a lawyer at all stages of the proceedings.

2. Sherman told the judge that he had talked sufficiently with his lawyer to be able to make an intelligent determination of what he wanted to do, that no pressure had been put on him, that no promises had been made that the court was going to be lenient with him, and that he wished to plead guilty. The court then discussed the offense with Sherman in detail. Sherman stated that he knew the penalty and what it was. The colloquy then continued as follows:

"THE COURT: Did you receive a petition to enter a plea of guilty?

THE DEFENDANT: I did, Your Honor.

THE COURT: Did you read it?

THE DEFENDANT: Yes, I did, sir.

THE COURT: Did you go over it with Mr. Allen?

THE DEFENDANT: I did.

. . . . . .

(10) I know that the Court will not permit anyone to plead 'GUILTY' who claims to be innocent and, with that in mind and because I am 'GUILTY' and make no claim of innocence, I wish to plead 'GUILTY' and respectfully request the Court to accept my plea of 'GUILTY' and to have the Clerk enter my plea of 'GUILTY' as follows:

Guilty as charged in the indictment.

(11) I OFFER MY PLEA OF 'GUILTY' FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS PETITION AND IN THE CERTIFICATE OF MY LAWYER WHICH IS ATTACHED TO THIS PETITION."

In the certificate referred to, his lawyer stated:

"(6) In my opinion the plea of 'GUILTY' as offered by the defendant in paragraph (10) of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of 'GUILTY.' "

Sherman told the trial judge that he had read the petition, had gone over it with his attorney, and that the facts stated in the petition were true.[2] In open court,

THE COURT: Are the facts stated in the petition true?

THE DEFENDANT: Yes, sir.

THE COURT: How old are you?

THE DEFENDANT: I am 27, Your Honor.

THE COURT: Mr. Allen, did you go over the facts with him?

MR. ALLEN: Yes, I did, Your Honor.

THE COURT: Are you satisfied that he is guilty?

MR. ALLEN: I am.

THE COURT: You can sign that petition if you so desire. Of course, you know if I don't accept your plea of guilty, you can have a trial before a jury and the Government would have to bring witnesses against you and you would be entitled to witnesses on your own behalf?

in response to several questions by the court, Sherman stated that no threats had been made to him, that he knew the penalty for violation of the Dyer Act, and that he did not expect leniency. He freely admitted that he was guilty, and discussed the details of the crime at some length. Finally, the court informed him that if he did not plead guilty he could have a jury trial, confront the witnesses against him, and summon witnesses in his own behalf. Nonetheless, he persisted in his desire to plead guilty. In view of this record, we cannot conclude that Sherman's plea was not intelligently entered merely because the words "self-incrimination" were not used.[3]

Affirmed.

HUFSTEDLER, Circuit Judge (dissenting):

I dissent because I believe that the record does not establish compliance with Rule 11, as that rule was interpreted in McCarthy v. United States (1969) 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418.

Rule 11 provides in pertinent part that "The court . . . shall not accept [a plea of guilty] without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." This version of the rule, requiring a personal colloquy, is a product of a 1966 amendment. Before the amendment, not all judges personally addressed the defendant, and there was common confusion over the matter. (*E. g., compare* United States v. Diggs (6th Cir. 1962) 304 F.2d 929 *with* Meeks v. United States (5th Cir. 1962) 298 F.2d 204.)

*McCarthy* construed Rule 11 to require the United States District Court to interrogate the defendant personally to ascertain if he knowingly and intelligently waived his constitutional rights, including his right to a jury trial, his right of confrontation, and his privilege against self-incrimination. 394 U.S. at 466, 89 S.Ct. 1166. If a plea is taken "without fully adhering to the procedure provided for in Rule 11," a defendant is entitled to plead anew. 394 U.S. at 463–464, 89 S.Ct. at 1169.[1]

When compliance with Rule 11 is not in issue because the plea is taken in state court (Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274) or because the Rule 11 proceeding was conducted before *McCarthy* was decided (Halliday v. United States (1969) 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16), the validity of the plea rests on compliance with the less rigorous demands of due process. The Court did not impose the personal interrogation requirement of Rule 11 as a constitu-

---

THE DEFENDANT: I do, Your Honor.

THE COURT: I will accept the plea of guilty."

We find nothing in McCarthy v. United States, *supra*, or in any other decision, which even hints at the notion that it is not proper for the court, during the Rule 11 colloquy, to refer to and rely in part on a petition such as the one that Sherman signed, at least where, instead of merely referring to it, the court asks questions about it as the court did in this case.

3. It may well be impossible to ascertain whether the defendant knows that he could get a jury trial and have the opportunity to confront witnesses against him without using those precise words.

However, we are not faced with that question here. Moreover, we agree with the Supreme Court of California that it is salutary for a trial judge to specifically inform a defendant that he need not plead guilty. *See* In re Tahl, 1969, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449. We do not agree that this is required by due process, so long as the record makes it clear that the defendant knows that he need not enter the plea.

1. Before *McCarthy*, we had reached similar results in applying Rule 11. *E. g.*, Heiden v. United States (9th Cir. 1965) 353 F.2d 53; Freeman v. United States (9th Cir. 1965) 350 F.2d 940; Castro v. United States (9th Cir. 1968) 396 F.2d 345.

tional standard. Compliance with due process can be established from an examination of the whole record; it is not confined to the colloquy between the court and the defendant as is true of post-*McCarthy* Rule 11 proceedings. (Boykin v. Alabama, *supra*; Halliday v. United States, *supra* at 832, 89 S.Ct. 1498; *see also* 394 U.S. at 834–835, 89 S.Ct. 1498 (Harlan, J., concurring).)

Appellant's plea was taken after *McCarthy* was decided. Our inquiry, therefore, is whether the district court's interrogation of appellant complied with post-*McCarthy* Rule 11. All pertinent parts of the Rule 11 colloquy are set forth below:

"THE COURT: How many times have you talked to Mr. Allen (defense counsel) about this case?

THE DEFENDANT: Quite a few, sir.

THE COURT: Do you think you have talked to him sufficiently to be able to make an intelligent determination of what you want to do?

THE DEFENDANT: Yes, I do, Your Honor.

. . . . . .

THE COURT: How do you want to plead to the indictment, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Are the facts stated in that indictment true?

THE DEFENDANT: They are, Your Honor.

. . . . . .

[In response to the court's questions about the facts of the crime, Sherman confessed that he bought the car with a check he knew was bad.]

THE COURT: Did you receive a petition to enter a plea of guilty?

THE DEFENDANT: I did, your Honor.

THE COURT: Did you read it?

THE DEFENDANT: Yes, I did, sir.

THE COURT: Did you go over it with Mr. Allen?

THE DEFENDANT: I did.

THE COURT: Are the facts stated in the petition true?

THE DEFENDANT: Yes, sir.

THE COURT: How old are you?

THE DEFENDANT: I am 27, Your Honor.

THE COURT: Mr. Allen, did you go over the facts with him?

MR. ALLEN: Yes, I did, Your Honor.

THE COURT: Are you satisfied that he is guilty?

MR. ALLEN: I am.

THE COURT: You can sign that petition, if you so desire. Of course, you know if I don't accept your plea of guilty, you can have a trial before a jury and the Government would have to bring witnesses against you and you would be entitled to witnesses on your own behalf?

THE DEFENDANT: I do, Your Honor.

THE COURT: I will accept the plea of guilty."

Nothing on the face of the colloquy indicates that Sherman knew that he had any right to remain silent and that he voluntarily chose to yield that right. The majority opinion equates knowledge of a defendant that he has a right not to plead guilty with knowledge of a defendant that he has a right not to testify at all. Proof of knowledge of a right not to plead guilty carries no implication that a person knew about his Fifth Amendment right. For example, could a *Miranda* warning be given by asking a person in custody if he knew that he did not have to plead guilty if he were

charged with the offense about which he was being interrogated?

I agree completely with the majority opinion's observation that a Rule 11 colloquy need not assume "any predetermined, ritualistic form." I also agree that no magic words need be incanted to reveal from the colloquy that a defendant knowingly yielded his right not to testify against himself. But, in my view, *McCarthy* requires that it appear from some language in the colloquy that a defendant knew that he could remain entirely silent and knew that he could not plead guilty unless he confessed to the crime, and that he voluntarily gave up the right and testified against himself. Sherman's knowledge of two of the rights stressed in *McCarthy*—the right to a jury trial and the right to confront witnesses—unmistakably appears in the colloquy. The exchange contains nothing about the third—the right against self-incrimination.

The majority opinion implies that the requirements of Rule 11 can be met by the court's referring to a petition signed by the defendant. I disagree. Under *McCarthy*, statements other than those addressed orally to the court cannot be relied upon to cure deficiencies in a Rule 11 interrogation. 394 U.S. at 467, 89 S. Ct. 1166; *id.* at 477, 89 S.Ct. 1166 (Black, J., concurring). (*Compare* the Rule 11 hearing invalidated by McCarthy, 394 U.S. at 472–474, 89 S.Ct. 1166, *with* the colloquy in Sherman's case.)

Even if I assumed, *arguendo*, that Rule 11 could be satisfied by incorporating a defendant's statements in a written petition to the court, the assumption would not save Sherman's plea because the petition reveals no more about Sherman's knowledge of his Fifth Amendment privilege than did his colloquy with the court.

I would set aside the plea for failure to comply with Rule 11.