UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas D. GAERTNER, Defendant-Appellant.

No. 78–1574.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1978.

Decided Feb. 16, 1979.*

Opinion March 9, 1979.

Rehearing Denied March 28, 1979.

---

* This appeal was originally decided by unreported order on February 16, 1979. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

D. Michael Guerin, Milwaukee, Wis., for defendant-appellant.

Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SPRECHER, BAUER and WOOD, Circuit Judges.

PER CURIAM.

Defendant-appellant, Thomas D. Gaertner, appeals from an order of the district court denying his motion for arrest of judgment and withdrawal of his plea of *nolo contendere* to one count of tax evasion. The sole issue on appeal is whether the failure of the trial court to adopt the sentence recommended by the government pursuant to a plea agreement constitutes a rejection of the plea agreement under Rule 11, Federal Rules of Criminal Procedure, and therefore requires the trial court to offer the opportunity to withdraw the plea, as mandated by Rule 11(e)(4). We hold that the trial court's nonacceptance of the government's recommendation did not constitute a rejection of the plea agreement. Accordingly, the judgment of conviction and sentence appealed from is affirmed.

### I.

On November 17, 1976, a federal grand jury returned a four count indictment against the appellant, charging him with three counts of failure to file individual tax returns and one count of tax evasion, in violation of Title 26, United States Code, Sections 7203 and 7201, respectively. Subsequently, appellant was indicted in a related case on twelve counts involving narcotics offenses.

Appellant entered into a plea agreement with the government concerning both cases. The terms of the agreement provided that the appellant enter guilty pleas to ten counts in the narcotics case, and enter a plea of *nolo contendere* to the evasion count in the tax case. In return, the government agreed to move for dismissal of the remaining counts in both cases. The government further agreed to recommend to the court in the tax case that any sentence imposed be served concurrently with the sentence imposed in the narcotics case.

On August 30, 1977, appellant appeared before separate district courts in each criminal case. Appellant entered pleas in accordance with the agreement, and upon findings of guilt in both cases, the balance of the counts were dismissed by each court pursuant to motions by the government. On September 30, 1977, the court in the narcotics case sentenced the appellant to ten years incarceration, to be followed by a three year mandatory parole term. In the tax case, however, the court rejected the government's recommendation for a concurrent sentence, and imposed a consecutive sentence of imprisonment for a term of eighteen months. Appellant subsequently moved for an order in arrest of judgment and for withdrawal of his *nolo contendere* plea in the tax case.[1] The district court denied the motion and this appeal followed.

### II.

The appellant does not assert that the government breached its commitments under the plea bargain, or that the court was required to honor the government's recommendation for a concurrent sentence. Appellant does contend, however, that the failure of the trial court to adopt the government's recommendation for a concurrent sentence constituted a rejection of the plea agreement. Consequently, appellant argues that the court erred when it sentenced him by not affording him the opportunity to withdraw his plea, pursuant to the require-

1. The judgment of conviction and sentence in the narcotics case was subsequently affirmed on appeal to this Court. *United States v.* *Gaertner,* 583 F.2d 308 (7th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 1238, 59 L.Ed. 2d 469 (1979).

ments of Rule 11(e)(4), Federal Rules of Criminal Procedure.

Appellant's contentions are predicated upon an incorrect application of Rule 11(e)(4) to the plea agreement in this case. With respect to sentencing, the terms of the plea agreement provided that the government would submit only a *recommendation* for a concurrent sentence in the tax case, with the express understanding that the recommendation would not be binding upon the court. The court's refusal to adopt the government's sentencing recommendation is simply not a rejection of the plea agreement, since by its very terms the court was not bound by the recommendation, and the court so admonished the appellant on the record. On the contrary, the court adopted the plea agreement by accepting the appellant's plea, dismissing the remaining counts of the indictment, and by entertaining the government's sentencing recommendation.

Since the operative provisions of Rule 11(e)(4) are triggered only in the event of a rejection of the plea agreement, we find appellant's reliance on the rule to be misplaced. Therefore, we hold that the district court's nonacceptance of the government's sentence recommendation did not constitute a rejection of the plea agreement under Rule 11(e)(4), where the appellant plea bargained merely for a sentence recommendation, rather than disposition, knew that the recommendation would not be binding upon the trial court, and the government presented the recommendation in accordance with the plea agreement.[2]

Accordingly, the Clerk of this Court is directed to enter judgment affirming the order of the district court denying appellant's motion for arrest of judgment and withdrawal of his plea.

AFFIRMED.

---

**2.** Other circuits have also held that Rule 11(e)(4) has no application to the situation presented here. *See, e. g., United States v. Savage,* 561 F.2d 554 (4th Cir. 1977); *United States v. Henderson,* 565 F.2d 1119 (9th Cir. 1977), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).