UNITED STATES of America, Plaintiff,

v.

Jerry SEIDMAN, Defendant.

Nos. 78–CR–116, Misc. 653..

United States District Court,
E. D. Wisconsin.

Jan. 15, 1980.

Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Abraham W. Brussell, Epton, Mullin, Segal & Druth, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Defendant, Jerry Seidman, has filed two motions seeking to change the sentence imposed in the above-referenced cases. First, based upon alleged violations by the Court of defendant's rights under Rule 11(d) and 11(e)(4) of the Federal Rules of Criminal Procedure, defendant has moved for an order setting aside his sentence and for leave to withdraw his guilty plea. Second, Mr. Seidman, relying on Rule 35 of the Federal Rules of Criminal Procedure, has moved for a reduction of his sentence to permit work release if his motion to set aside the sentence is denied.

In his motion seeking to set aside the judgment of conviction based upon the Court's purported noncompliance with Rule 11(d) of the Federal Rules of Criminal Procedure, Mr. Seidman concedes that the Court complied with the first sentence of Rule 11(d) but alleges that the Court failed to meet the requirements set out in the second sentence of the rule. The second sentence of Rule 11(d) provides:

> The Court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

It is the government's contention that the Court's obligation under that sentence was met during the hearing on the change of plea and sentence. Contrary to defendant's assertions, the Court would note that during the proceedings held on May 17, 1979, the prior discussions between Court and counsel indicate compliance with the second sentence of Rule 11(d). (Transcript of Pro-

ceedings of May 17, 1979 at 47.) Therefore, defendant's motion to set aside the sentence under Rule 11(d) must be denied.

The second portion of defendant's motion seeking the Court to set aside the sentence imposed upon defendant Jerry Seidman is somewhat more complex than the Rule 11(d) motion. Defendant claims that when the Court failed to follow the government's sentencing recommendation, it was required under Rule 11(e)(4) of the Federal Rules of Criminal Procedure to permit defendant Jerry Seidman to withdraw his plea of guilty. Rule 11(e)(4) provides:

> (4) Rejection of a Plea Agreement.
>
> If the Court rejects the plea agreement, the Court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of his case may be less favorable to the defendant than that contemplated by the plea agreement.

Citing *United States v. White*, 583 F.2d 819 (6th Cir. 1978), defendant claims that, under the circumstances in the present case, he should have been given leave to withdraw his plea of guilty when the Court decided that it was not going to follow the government's sentencing recommendations.

Although this case is somewhat more complex than the normal case in that both corporate and personal defendants were involved and the criminal charges arise out of indictments and contempt charges, the Court nevertheless finds the nature of the agreement clear and straightforward. Under Rule 11(e)(1) of the Federal Rules of Criminal Procedure, there are three different types of plea agreements. Specifically, Rule 11(e)(1) provides:

> The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view towards reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
>
> (a) move for dismissal of other charges; or
>
> (b) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
>
> (c) agree that a specific sentence is the appropriate disposition of the case.
>
> The Court shall not participate in any such discussions.

The plea agreement in the present case involves elements of both subpart (A) and subpart (B) of Rule 11(e)(1). As to paragraph (a), the plea agreement called for dismissal of counts 3 through 35 of the petition for an order to show cause in Misc. 653. The government's motion was granted. The second part of the plea agreement called for the government to recommend a sentence and fine. This plea agreement is, of course, the type set forth in Rule 11(e)(1)(B). The Court did not follow the government's recommendation and the defendant, Jerry Seidman, claims that he should have been given the right, under Rule 11(e)(4), to withdraw his guilty plea as to counts 1 and 2 of the offenses charged in Misc. 653.

In *United States v. White, supra,* the Sixth Circuit Court of Appeals held that in those cases where a Rule 11(e)(1)(B) type plea agreement is entered into between the government and the defendant, the Court is bound to follow the procedure set forth in Rule 11(e)(4) of the Federal Rules of Criminal Procedure. Several courts take a contrary view holding that when a district judge fails to follow the government's recommendation on sentencing, he is not rejecting the plea agreement, and therefore, the defendant is not entitled to the right to withdraw his guilty plea under the provisions of Rule 11(e)(4). *United States v. Henderson*, 565 F.2d 1119 (9th Cir. 1977); *United States v. Savage*, 561 F.2d 554 (4th

158

Cir. 1977); *United States v. Sarubbi*, 416 F.Supp. 633, 636 (D.N.J.1976). In *United States v. Gaertner*, 593 F.2d 775 (7th Cir. 1979), the court held that a "district court's nonacceptance of the government's sentence recommendation (does) not constitute a rejection of the plea agreement under Rule 11(e)(4), where the [defendant] plea bargained merely for a sentence recommendation, rather than [a] disposition, knew that the recommendation would not be binding upon the trial court, and the government presented the recommendation in accordance with the plea agreement." *Id.* at 777. The question in the present case, then, is whether the defendant "bargained merely for a sentence recommendation, rather than the disposition . . ."

In an affidavit, defendant Jerry Seidman represents to the Court that he "entered pleas of guilty to the captioned cases based upon [his] understanding that if the judge sentenced [him] to prison it would not be for more than six months and that [he] would have the opportunity to work during the day for eight hours during this period of time." He further claims that he "was never informed by [his] attorney that if the judge was not going to follow the recommendation of the prosecutor, he would tell [him] before the sentencing so that [he] would have the opportunity to withdraw [his] plea." Arguably, such a representation by defendant Jerry Seidman in an affidavit indicates that he was not fully cognizant of the plea agreement or that a Rule 11(e)(1)(B) type plea agreement had been entered into. The government's position on this issue is that they entered into a type (b) plea agreement and no other kind. Furthermore, they desire leave to question the attorneys who represented the defendant Jerry Seidman at the sentencing so that those attorneys can substantiate the government's claim. The Court feels that the record is sufficiently clear in the present case such that defendant's attorney's recollections are unimportant.

Notwithstanding the Court's holding in *United States v. White, supra*, which if binding upon this Court would require that the sentence be set aside even if this were a Rule 11(e)(1)(B) plea agreement, the Court is bound by the holding in *United States v. Gaertner, supra*, and will follow that opinion. Nevertheless, even under the *Gaertner* reasoning, the Court must find that defendant, Jerry Seidman, had entered into a type (b) plea agreement. In other words, the Court must determine, based upon the records in this case, that defendant, Jerry Seidman, was aware that the Court would not be bound by the government's recommendation.

At the outset, the Court would note that it never will accept a Rule 11(e)(1)(C) type plea agreement. It is this Court's prerogative to determine the type of sentence that should be imposed upon a defendant for the offense of which he or she has been adjudged guilty. Furthermore, the record in this case indicates that the defendant, Jerry Seidman, knew that the agreement provided that the government's sentencing recommendation was not binding upon this Court. As reflected by a letter dated January 2, 1979, defendant's counsel acknowledges that this was the type of plea agreement entered into. At the end of the first paragraph in the January 2, 1979, letter, Attorney Stephen M. Glynn states, "It is understood by all parties that the Court has not participated in the formulation of this plea bargain and is not binding itself to impose any specific sentence." A copy of this letter was sent to defendant, Jerry Seidman. Such a letter accurately reflects the type of plea agreement entered into between the defendant and his attorneys. It is also important to note that, during the course of the sentencing held before the Court on May 17, 1979, neither defendant nor his attorneys raised any objection to the Court's imposition of a sentence more severe than that recommended by the government at the time of sentencing. These factors reflect that a Rule 11(e)(1)(B) type plea agreement was entered into and therefore, under the authority of *Gaertner*, the provisions of Rule 11(e)(4) are not applicable.

Thus, the Court is not bound to permit the defendant, Jerry Seidman, at this time, to withdraw his plea of guilty to counts 1 and 2 of the petition for an order to show cause in Misc. 653. Therefore, defendant's motion for an order to set aside the judgment of conviction and for leave to withdraw his guilty plea must be denied.

Having denied defendant's motion to set aside his plea, the Court must turn to his motion for work release.

While this Court looks very favorably upon the work release procedure imposed in those criminal cases where the defendant will be incarcerated for less than one year, this type of sentence is not invariably granted. By permitting an incarcerated defendant to work while he is in jail, a defendant can continue to earn a living. Even though the Court looks favorably upon granting requests for work release, where it is otherwise warranted in the case by the type of offense charged and the length of incarceration, the Court nevertheless is extremely careful in granting work release.

Having considered the defendant's motion for a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure to permit the defendant's work release during the time he will be incarcerated, the Court finds that such a request is inappropriate in the present case due to the nature of the offense. Therefore, defendant's request for work release must be and hereby is DENIED.

In summary, defendant's motion to set aside the sentence imposed in this case must be and hereby is DENIED. It is further ordered that defendant's motion for a reduction of sentence to permit him work release must be and hereby is DENIED.