**UNITED STATES of America,
Petitioner-Appellee,**

v.

**Robert MERCER, Respondent-Appellant.**

**No. 81–1378.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 1, 1982.*

Decided Oct. 18, 1982.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Robert Mercer, pro se.

David T. Ready, U. S. Atty., South Bend, Ind., for petitioner-appellee.

Before PELL, BAUER and CUDAHY, Circuit Judges.

PELL, Circuit Judge.

This appeal arises out of an ambiguously drawn plea agreement, reached between the appellant and the United States, and appellant's subsequent guilty plea.

The plea agreement stated in relevant part that:

a. [Defendant] will plead GUILTY to the charges set forth in the indictment [charging defendant with committing a bank robbery in violation of 18 U.S.C. § 2113(a)].

b. ... [I]n exchange for [defendant's] plea of GUILTY to this charge, the United States will recommend that the Court impose a sentence of 10 years. [Defendant] ... understand[s], however that the Court is not bound by this agreement to accept the recommendation of the United States, but may impose any institutional sentence and fine that is permitted under the statute proscribing this offense.

c. If after consideration of the presentence report the Court cannot accept the terms of this plea agreement, [defendant] will be allowed to withdraw this plea of GUILTY, enter a plea of NOT GUILTY and proceed to trial before another judge.

Rule 11(e)(1) of the Federal Rules of Criminal Procedure specifies three types of plea agreements, in which the attorney for the Government might: (A) move for dismissal of other charges; or (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or (C) agree that a specific sentence is the appropriate disposition of the case.

The Advisory Committee Notes to Rule 11 (1979) state that:

(B) type of plea agreement is clearly of a different order than the other two, for an agreement to recommend or not to oppose is discharged when the prosecutor performs as he agreed to do. By comparison, critical to a type (A) or (C) agreement is that the defendant receive the contemplated charge dismissal or agreed-to sentence. Consequently, there must ultimately be an acceptance or rejection by the Court of a type (A) or (C) agreement so that it may be determined whether the defendant shall receive the bargained-for concessions or shall instead be afforded an opportunity to withdraw his plea.

Thus if a court rejects a type (A) or (C) plea agreement, the "defendant *must be afforded an opportunity to withdraw his plea* and must be advised that if he persists in his guilty plea or plea of nolo contendere, the disposition of the case may be less favorable to him than that contemplated by the plea agreement." Advisory Committee Notes to Rule 11 (1975) (emphasis added).

Paragraph 9(b) of defendant's motion to enter a change of plea embodies a type (B) agreement which was discharged when the United States recommended that the court impose a ten year sentence. However, it is clear from the record that the parties and Judge McNagny, the district judge who accepted the change of plea, construed paragraph 9(c) of defendant's motion to enter a change of plea as embodying a type (C) agreement. Most significant is the following colloquy at the hearing on April 16, 1980, which reveals not only the court's construction of the plea agreement, but also the understanding conveyed by the court to the defendant before acceptance of the change of plea:

[The Court]: I want to go over item 9 of the Petition. Under Item 9, is it part of your agreement with the Government that you will plead guilty to the charges set forth in the indictment?

[Defendant]: Yes.

[The Court]: Is it part of your agreement with the Government that the United States will recommend that the Court impose a sentence of ten years?

[Defendant]: Yes.

[The Court]: Now, you understand that that recommendation is not binding on the Court, do you not?

[Defendant]: Yes, sir.

[The Court]: In other words, I don't have to accept that recommendation, I could sentence you to 20 years, or one, or whatever, you understand that?

[Defendant]: Yes.

[The Court]: It is going to be strictly up to the Court and the Government is simply going to make a recommendation, that is all. Is that clear to you?

[Defendant]: Yes.

[The Court]: *Has it been explained to you that if, after I see the presentence report, I cannot accept this Petition, you will have a right to withdraw your plea of guilty and proceed to trial before another Judge? Do you understand that?*

[Defendant]: Yes.

(Emphasis added.)

The defendant was sentenced on July 18, 1980, to fifteen years. Judge McNagny stated that he "will reduce the sentence to ten years if, under Rule 35, [within 120 days], the defendant cooperates with the government and tells where the remainder of the funds are."

On September 2, 1980, appellant filed a motion to vacate the judgment of conviction and sentence.[1] A supplement to the motion was filed on January 8, 1981. Appellant's motion alleged breach of the plea agreement and ineffective assistance of counsel.[2] Because of the terminal illness of Judge McNagny the matter of the motion was reassigned to then District Judge Esch-

---

bach. In our disposition of this appeal we find it only necessary to deal with the issue of the breach of the plea agreement and the validity of appellant's guilty plea.

II

In denying the defendant's motion, the court in its order stated that "the plea agreement on its face refutes the defendant's contention [that the imposition of a fifteen year sentence violated the plea agreements provisions calling for a ten year sentence]." The court referred to the language of the agreement, then continued: "It is clear that the defendant was fully advised that the ten years was only a recommendation and that the trial judge was free to impose any sentence authorized by the statute under which the plea of guilty was properly received."

█ We believe, however, that the district court did not sufficiently consider the somewhat ambiguous remainder of the plea agreement, embodied in paragraph 9(c) of the motion to enter a change of plea, but particularly did not give consideration to Judge McNagny's colloquy with the defendant during the hearing on the change of plea.[3] We hold that when the express provisions of paragraph 9(c) of the plea agreement were rejected by the court, the defendant was entitled under Rule 11, based on the court's instructions to the defendant conveying the understanding reached prior to acceptance of the change of plea, to be afforded an opportunity to withdraw his guilty plea.

We must emphasize that at issue is not whether the sentencing judge has a right to take into consideration a defendant's cooperation when imposing sentence. Rather, at issue is whether there was a breach of the plea agreement, and of the under-

---

1. 28 U.S.C. § 2255.

2. Subsequent to defendant's sentencing, his counsel moved to terminate his appointment. Defendant has proceeded *pro se* in his motion to vacate the judgment and sentence, and in this appeal.

3. It is not clear from the record that the colloquy was brought to the attention of Judge Eschbach in this *pro se* proceeding. The order of denial was entered on February 20, 1981. The transcript of the April 16, 1980, proceedings before Judge McNagny shows it was filed in the district court clerk's office on April 29, 1981, apparently to make up a part of the record in this appeal.

standing conveyed by the district judge, prior to acceptance of the change of plea, which vitiates the defendant-appellant's guilty plea.

### III

"An analysis of whether or not a promise made by the Government for the purpose of obtaining a defendant's plea of guilty to a criminal charge has been fulfilled commences with the rule that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Strict fulfillment of prosecutorial promises [or agreements] emanates as a requirement from the significant consequences of a guilty plea—the waiver of important constitutional rights and the 'adjudicative element' that is inherent in the plea. *Id.*" *United States v. Bowler,* 585 F.2d 851, 853 (7th Cir. 1978).

A guilty "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge," *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970), as well as a waiver of defendant's privilege against compulsory self-incrimination, guaranteed by the Fifth Amendment, and of his Sixth Amendment right to confront his accusers. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady,* 397 U.S. at 748, 90 S.Ct. at 1468. For a guilty plea to be voluntary, it must be " 'entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel ....' " *Id.* at 755, 90 S.Ct. at 1472. (citation omitted).

The underlying facts of this case are clearly distinguishable from *United States v. Gaertner,* 593 F.2d 775 (7th Cir. 1979), a case on which appellee places great reliance. Unlike *Gaertner,* the record of the case at bar shows that appellant plea bargained for a disposition rather than for merely a sentence recommendation. It is clear from the explicit language of paragraph 9(c) of the motion to change the plea and from Judge McNagny's questioning of defendant before acceptance of his guilty plea that the plea agreement embodied the understanding that if the court were to sentence the defendant to a term of more than ten years, the defendant would be allowed to withdraw his plea and proceed to trial before another judge. The record is quite clear that the explicit language of paragraph 9(c) was intended by the Government, and was understood by the defendant, as an inducement for the defendant's guilty plea. Cf. *Bowler,* 585 F.2d at 854. The record shows that when the defendant was sentenced to fifteen years, he was not afforded the opportunity to withdraw his guilty plea and proceed to trial before another judge. The defendant was thus denied "what is reasonably due in the circumstances." *Santobello,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

The plea agreement and the court's instructions to the defendant, prior to acceptance of his guilty plea, did not condition the understanding, that imposition of sentence greater than ten years on the defendant would entitle him to withdraw his plea and proceed to trial, on the cooperation of the defendant with the government. If that cooperation was a condition precedent to being sentenced to no more than ten years then the provisions of the plea agreement should have included it, and the court further should have so instructed the defendant prior to acceptance of the plea. While the record discloses that the court's decision to take defendant's lack of cooperation into consideration in imposing sentence resulted from its review of the pre-sentence report, the record also discloses that prior to acceptance of the guilty plea the court informed defendant *"that if, after I see the*

*presentence report, I cannot accept this petition, you will have a right to withdraw your plea of guilty and proceed to trial before another judge . . . ."* (Emphasis added.) The error committed below was not due to the fact that the court took defendant's lack of cooperation into consideration when imposing a fifteen year sentence; rather, the error occurred when the court did not provide the defendant with the opportunity to withdraw his guilty plea and proceed to trial, as provided for by Rule 11(e)(4), the explicit language of the plea agreement, and the court's explicit instructions to the defendant prior to acceptance of his guilty plea. The defendant's right to withdraw his guilty plea was the inducement and consideration for the waiver of his constitutional rights. The fact that defendant's guilty plea was thus induced by an unkept promise, makes the guilty plea a constitutionally inadequate basis for imprisoning the defendant. *Blackledge v. Allison,* 431 U.S. 63, 75, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

We reject appellee's argument that what is involved in this case is a "technical violation." Rather, what is involved is not only the violation of Rule 11(e)(4), but also the breach of the understanding conveyed to the defendant as to the direct consequences of his guilty plea, including the actual value of commitments made by the court and the prosecutor. *Brady,* 397 U.S. at 755, 90 S.Ct. at 1472. That understanding was a substantial part of the inducement and consideration for defendant's decision to enter a guilty plea and waive his constitutional rights. The breach of both the plea agreement, and the understanding reached with the court prior to acceptance of the plea, vitiates the defendant's guilty plea, since it is clear that "a constant factor [in a guilty plea] is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration,

such promise must be fulfilled . . . . That the breach of the agreement [may have been] inadvertent [in this case] does not lessen its impact." *Santobello,* 404 U.S. at 262, 92 S.Ct. at 499.

■ The appellee also argues that defendant has no remedy by way of a collateral attack under 28 U.S.C. § 2255 to vacate the judgment of conviction and sentence. We disagree.

[A]rrayed against the interest in finality is the very purpose of the writ of habeas corpus—to safeguard a person's freedom from detention in violation of constitutional guarantees . . . . [A] prisoner in custody after pleading guilty, no less than one tried and convicted by a jury, is entitled to avail himself of the writ in challenging the constitutionality of his custody.

*Blackledge,* 431 U.S. at 72, 97 S.Ct. at 1628. The conviction, in this case, based on a guilty plea that has been induced by an unkept plea bargain is subject to collateral attack under 28 U.S.C. § 2255.[4] *Fontaine v. United States,* 411 U.S. 213, 215, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169 (1973); *Marchibroda v. United States,* 368 U.S. 487, 493–94, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962); *United States v. McCord,* 618 F.2d 389, 392 (5th Cir. 1980). Appellant does not claim a mere technical violation of the formal provisions of Rule 11. The error committed below is of constitutional magnitude, since the waiver of defendant's constitutional rights was based on a promise that was unkept, and the actual consequences of pleading guilty were contrary to the consequences conveyed to the defendant by the district court prior to acceptance of the guilty plea. These realities vitiate the knowing voluntary nature of defendant's guilty plea. The omission in not abiding by the express terms of the plea agreement, and by the court's explicit instructions to the defendant, is inconsistent with the rudi-

---

4. Alternatively defendant's motion can be construed as a motion to withdraw the guilty plea, and set aside the judgment of conviction, "to correct manifest injustice," pursuant to Rule 32(d). *United States v. Kent,* 397 F.2d 446, 448 (7th Cir. 1968). Given that this *pro se* appellant is entitled to the relief he prayed for in his motion, that relief will be granted irrespective of the designation he gave to his motion. *Id.*

mentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

## IV

For the foregoing reasons the judgment of conviction and sentence is vacated. We remand to the district court in order for it to provide the appellant with the opportunity to plead anew.