UNITED STATES of America,
Plaintiff–Appellee,

v.

Cedric MITCHELL, Defendant–Appellant.

No. 94–3372.

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1995.

Decided July 5, 1995.

---

William J. Lipscomb, Stephen J. Liccione (argued), Office of U.S. Atty., Milwaukee, WI, for plaintiff-appellee U.S.

Keith J. Peterson (argued), Superior, WI, for defendant-appellant Cedric Mitchell.

Before FLAUM and MANION, Circuit Judges, and SHARP, Chief District Judge.[1]

## A.

ALLEN SHARP, Chief District Judge.

On March 16, 1993, a United States grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against appellant Cedric Mitchell charging conspiracy to possess with intent to distribute an excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846. On May 5, 1993, this appellant with his retained counsel appeared and was arraigned on that one-count indictment. At the arraignment, he was advised that there was a maximum penalty of life imprisonment and a $4,000,000 fine along with a minimum mandatory penalty of ten years in prison without parole. (Appellee's Brief p. 5). On July 19, 1993, this appellant and the United States of America entered into a written plea agreement. The entirety of that plea agreement is in the record and before this court. Such was signed on July 19, 1993, by this appellant, his counsel and by the assistant United States attorney for the Eastern District of Wisconsin handling this case. Paragraph four of that written plea agreement states:

> 4. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of life imprisonment and $4,000,000 in fines along with a mandatory minimum term of 10 years in prison without parole and a mandatory special assessment of $50.00.

Plea Agreement p. 2. Paragraph 6(a) and (b) provides:

> 6. The Parties acknowledge, understand and agree:
>> a. That any sentence imposed by the court will be pursuant to the Sentenc-

1. Chief District Judge Allen Sharp, Northern District of Indiana, sitting by designation.

ing Reform Act and the Sentencing Guidelines;

 b. that the sentencing judge is neither a party to nor bound by this agreement and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 4 above;

*Id.* at 3. Finally, in paragraph 6(e), it was agreed that the amount of cocaine attributed to this appellant's relevant conduct was 5.15 kilograms, "e. that pursuant to Sentencing Guidelines Manual § 2D1.1, the amount of cocaine attributed to defendant's relevant conduct is 5.15 kilograms;". *Id.*

On July 26, 1993, the district court held a hearing in regard to a change of plea, and this court has taken the trouble to carefully examine the entirety of the record of that proceeding and has *not* relied on the fragments that have been presented in the briefs and appendix here. *See,* Record Transcript Vol. 3 pp. 1–27. In addition to the advice given at the arraignment, as well as the written advice given in the written plea agreement as above described, the plea proceedings before the district court clearly indicates that that subject was re-visited. The district court also followed the highly-desirable procedure of placing the appellant under oath at the outset of the plea hearing. During this plea proceeding before the district court, the appellant's retained counsel read out loud each of the substantive provisions of the plea agreement and asked the appellant if it was correct that he had explained everything in the plea agreement, to which the appellant answered in "yes." The district court specifically dialogued with the appellant in regard to penalty and at the instance of the district court, appellant's counsel advised the appellant of the penalties and the appellant stated that he understood them. There apparently had been open-file discovery here and after a lengthy recitation of the facts by the assistant United States attorney, the appellant stated that he believed that such was substantially accurate. Counsel indicated that an extensive review of discovery materials had been had and appellant stated that he had an adequate opportunity to discuss the case with his attorney and that he

was satisfied with the representation that he received.

On September 28, 1993, this appellant was sentenced to the mandatory minimum term of 10 years or 120 months. No appeal was filed within the 10 days of the entry of the judgment or sentence and there is some suggestion in the record that such was the result of a failure to request the same by the appellant. Nonetheless, on March 21, 1994, this appellant filed a pro se petition under 28 U.S.C. § 2255 asserting ineffective assistance of counsel in failing to file notice of a direct appeal. The United States of America stipulated that such an appeal was not timely filed and following *Castellanos v. United States,* 26 F.3d 717 (7th Cir.1994), the district court vacated the judgment of conviction entered on September 28, 1993, and ordered that judgment re-entered as of September 26, 1994. Thus, the notice of appeal filed on October 3, 1994 brought this appeal to this court in a timely fashion. This renders moot such contention as to ineffective assistance of counsel for failing to perfect Mitchell's direct appeal. The appellant also never filed a motion to withdraw his guilty plea.

### B.

The issues raised here for our consideration have to do in two instances with alleged non-compliance by the district court of Rule 11, Federal Rules of Criminal Procedure (Fed.R.Cr.P.), and those two concerns will be considered as one. Additionally, there is an assertion of ineffective assistance of counsel which will be dealt with last and separately.

█ There is no question that Rule 11, Fed.R.Cr.P., to a very large extent reflects a mirror image of the constitutional concerns found in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *See also, United States v. Wagner,* 996 F.2d 906, 913 (7th Cir.1993). Because of its constitutional foundation, Rule 11 imposes upon district courts which take guilty pleas the specific need to address concerns both fundamental and formal. It is elementary that this court will look to the entire record of proceedings especially to determine whether a defendant understood the criminal charge and relevant penalty. *See United States v. LeDonne,* 21

F.3d 1418, 1423 (7th Cir.1994). In *LeDonne* this court stated:

> Rule 11 is designed to address the issues the district court must review in determining whether "a defendant's guilty plea is a voluntary and intelligent choice among the alternative courses of action open to him." [*United States v.*] *Saenz,* 969 F.2d [294] at 296 [ (7th Cir.1992) ]. A guilty plea taken without attention being given to the matters set forth in Rule 11 could constitute a "fair and just" reason justifying the request for withdrawal of a plea, and the denial of a motion to withdraw under such a circumstance would be an abuse of discretion. Id. Following the format of Rule 11 tends to ensure the accuracy of the plea and to enable a meaningful and expeditious review. See, e.g., *United States v. Price,* 988 F.2d 712, 719 (7th Cir.1993); [*United States v.*] *Ray,* 828 F.2d [399] at 404 [ (7th Cir.1987) ]. Yet the failure to comply with the strictures of the Rule is not necessarily fatal. *United States v. DeCicco,* 899 F.2d 1531, 1534 (7th Cir.1990) (citing *United States v. Frazier,* 705 F.2d 903, 906 (7th Cir.1983) (per curiam)). Rule 11(h) specifically provides: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Thus, "in reviewing Rule 11 proceedings, matters of reality, and not mere ritual should control," *Saenz,* 969 F.2d at 296, and "we should not give Rule 11 such a crabbed interpretation that ceremony is exalted over substance." *Ray,* 828 F.2d at 404 (citations omitted). We need only satisfy ourselves, by considering the total circumstances surrounding the plea, that the defendant was informed of his rights and understood the consequences of his plea. *See, Price,* 988 F.2d at 719; *DeCicco,* 899 F.2d at 1534.

*Id.* at 1038.

 Recently, a member of this panel authored *United States v. Padilla,* 23 F.3d 1220 (7th Cir.1994), in which the specific issue concerned the duty to advise of a mandatory minimum sentence under Rule 11.[2] As indicated there, it is extremely important if not absolutely mandatory, that a defendant pleading guilty to a serious federal crime needs to know not only the maximum possible sentence, but also any mandatory minimum. Such appears to be the clear teaching of *Padilla,* although in that case, the failure to strictly comply with Rule 11 was ameliorated by the conduct of the appellant himself. Nonetheless, *Padilla* is instructive of what needs to occur in a Rule 11 proceeding. Understandably, *Padilla* was not available to the district court at the time of the sentencing procedure, but its general teaching has been in existence for at least a decade or longer in numerous opinions in this court. For example, *see United States v. Ray,* 828 F.2d 399 (7th Cir.1987), *cert. denied,* 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988). *United States v. Frye,* 738 F.2d 196 (7th Cir.1984). Certainly, in this context, the Supreme Court of the United States in *McCarthy v. United States,* 394 U.S. 459, 468, 89 S.Ct. 1166, 1172, 1172, 22 L.Ed.2d 418 (1968), it was suggested that we not worship at the altar of ritual in this regard, but deal with "matters of reality." A member of this panel, writing for the court, has clearly enunciated the relevant standard of review in *United States v. Bennett,* 990 F.2d 998, 1004 (7th Cir.1993), as follows:

> Bennett is correct in stating that the court failed to track the language of Rule 11(e)(2). "As a rule, noncompliance with Rule 11 constitutes reversible error in this circuit. However, literal compliance is not necessary." *United States v. Peden,* 872 F.2d 1303, 1306 (7th Cir.1989). In reviewing Rule 11 proceedings for compliance, we do not give " 'Rule 11 such a crabbed interpretation that ceremony [is] exalted over substance.' " "[T]he test for reversal on appeal is 'whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights.' " *United States v. DeCicco,* 899 F.2d 1531, 1534 (7th Cir.1990). (internal citations omitted.)

---

2. *Padilla* has already won respect elsewhere. See, *United States v. Goins,* 51 F.3d 400 (4th Cir.1995).

This record does not demonstrate reversible error. Neither does it demonstrate any kind of error which would cause this court to engage in the currently difficult task of walking through the harmless error analysis generally available after *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1976). *See also Wagner,* at page 912, and *Ray,* at page 414. Fortunately, this court does not here have to wade through the newfound formulations of harmless error reflected in *O'Neal v. McAninch,* —— U.S. ——, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995), and *Brecht v. Abrahamson,* 944 F.2d 1363 (7th Cir.1991), *cert. granted in part,* 504 U.S. 972, 112 S.Ct. 2937, 119 L.Ed.2d 563 (1992), *aff'd,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and will gladly refrain from doing so.

■ Lastly, special attention needs to be given to this record measured by the standards of *Padilla.* Here, this appellant as a defendant pleading guilty was, when the entire record is examined, given the advice about the mandatory minimum sentence which was absent from the record in *Padilla.* Docket-bound district judges are not required to engage in a certain litany to be graded on appeal for the semantics chosen or omitted. However, district judges do have fundamental obligations of substance that go far beyond form under Rule 11. It is critically important not only to ensure that a defendant personally understands the penalties, including mandatory minimum penalties, but that a record is made to demonstrate that fact clearly. This record passes muster under Rule 11, and it is not necessary to engage in a harmless error analysis. In this circuit, there is abundant empirical proof that appellate review of district court proceedings under Rule 11, Fed.R.Cr.P. is anything but a rubber stamp. *See, United States v. Mercer,* 691 F.2d 343 (7th Cir.1982); *Carreon v. United States,* 578 F.2d 176 (7th Cir.1978). Such appears to be true elsewhere. *See United States v. Herndon,* 7 F.3d 55 (5th Cir.1993), and *United States v. Martirosian,* 967 F.2d 1036 (5th Cir.1992). The language chosen by the 5th Circuit in *Martirosian* is revealing:

Rule 11 requires the district court, before accepting a guilty plea, to address the defendant in open court and inform him of, and determine that he understands, among other things the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.... Fed.R.Crim.P. 11(c)(1) (emphasis added). During the plea hearing, the district court did not inform Martirosian of the mandatory minimum penalty (five years) provided by law for his offense. *See,* 21 U.S.C. § 841(b)(1)(B). The government concedes this, but claims harmless error pursuant to Fed.R.Crim.P. 11(h). Rule 11 is intended to ensure that a defendant makes an informed and voluntary plea. The rule, as interpreted by this court, addresses three "core concerns": "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of the plea." *United States v. Adams,* 961 F.2d 505, 510 (5th Cir.1992); *See also, United States v. Bachynsky,* 934 F.2d 1349, 1354 (5th Cir.) (en banc), cert. denied, 502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991). A complete failure of the district court to address any one of these concerns when accepting a plea requires reversal; Rule 11(h)'s harmless error analysis is inapplicable. *Adams,* 961 F.2d at 510–11; *United States v. Pierce,* 893 F.2d 669, 679 (5th Cir.1990). A merely inadequate or "less than letter perfect" treatment of a core concern, however, is reviewed for harmless error. *Bachynsky,* 934 F.2d at 1354; *See also, Adams,* 961 F.2d at 510–11.

The core concern in issue is whether Martirosian understood the consequences of his plea. The district court's failure to inform Martirosian of, and determine that he understood, the mandatory minimum sentence "went to the heart of this requirement". *Pierce,* 893 F.2d at 679. Indeed, one of Rule 11's objectives "is to insure that a defendant knows what minimum sentence the judge must impose". Fed. R.Crim.P. 11 advisory committee's note (1974 amend.) (emphasis added). The fail-

ure to advise Martirosian of the minimum mandatory sentence was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside. We cannot, as urged by the government, review this omission for harmless error.

*Id.* at 1038–1039.

There can be no doubt that knowledge of mandatory minimum sentences is critically important information for a pleading defendant to understand under Rule 11 and such knowledge is reflected in this record.

### C.

The last and separate issue to be considered here requires only brief attention. A general assertion is made here on a direct appeal that retained counsel for this appellant rendered ineffective assistance of counsel under the Sixth Amendment of the Constitution of the United States as generally outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). More specifically, *Strickland* has been made applicable in proceedings involving the plea of guilty. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

It is a close case as to whether the record has been fully developed on the issue of ineffective assistance of trial counsel to be considered under the constitutional standards announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its progeny. The totality of this record is examined under the constitutional mandates of *Strickland, Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and *Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). In *United States v. Grizales,* 859 F.2d 442, 447 (7th Cir.1988), Judge Eschbach, speaking for this court stated:

> The Supreme Court has instructed that in evaluating the performance of a trial attorney we are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 at 689, 104 S.Ct. at 2054. Appellant "has a heavy

burden in proving a claim of ineffectiveness of counsel." *Jarrett v. United States,* 822 F.2d 1438, 1441 (7th Cir.1987) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064). The Supreme Court has further cautioned appellate courts to resist the temptation to "second-guess" the actions of trial counsel after conviction. *Id.* It is clear that the performance of trial counsel should not be deemed constitutionally deficient merely because of a tactical decision made at trial that in hindsight appears not to have been the wisest choice. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *United States v. Kennedy,* 797 F.2d 540, 543 (7th Cir.1986).

■ Most of the appellant's claim of ineffective assistance of trial counsel are belied by the record. He claims that his trial counsel failed to inform him of the mandatory minimum sentence. The sentencing transcript and record show that indeed he was so specifically advised. He also asserts ineffectiveness in failure to advise as to the quantity of drugs. The record discloses an extensive on-the-record proffer in open court with the appellant and counsel present in which the quantity is clearly set forth. Given this record, under *Hill v. Lockhart, supra,* trial counsel could well have advised this appellant to plead.

■ There is some confusion in the record as to why a timely notice of appeal was not filed after the sentence was imposed on September 28, 1993, but the decision of the district court entered on September 26, 1994, obviated any prejudice therefrom. Mitchell's appeal was ably prosecuted by appointed counsel but, as indicated here, it is without merit.

For these reasons, the sentence and judgment of the district court is Affirmed.